**MIN FEI LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, et al., Respondents.**

**No. 08–1593–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Stuart Altman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Emily Anne Radford, Assistant Director, Stephen M. Elliott, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

**18**

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Min Fei Li, a native and citizen of the People's Republic of China, seeks review of the March 14, 2008 order of the BIA denying his motion to reopen. *In re Min Fei Li,* No. A72 763 839 (B.I.A. Mar. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (quoting *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

Pursuant to the applicable statute and regulations, an alien may file only one motion to reopen and that motion must be filed no more than 90 days after the entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Li's motion to reopen was untimely, and we find no abuse of discretion in the BIA's finding that he did not qualify for an exception to the time limitation based on any alleged ineffective assistance of counsel. *See* 8 C.F.R. § 1003.2(c)(2). In certain circumstances, an alien may toll the applicable time limit by demonstrating ineffective assistance of counsel. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). However, in addition to showing prejudice and complying with the requirements set forth in *Matter of Loza-*

*da,* 19 I. & N. Dec. 637 (BIA 1988), the alien must show that he exercised due diligence during the period he sought to toll. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 714–15 (2d Cir.2007). As we have held, "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006).

Here, the record supports the BIA's finding that Li failed to established that he exercised due diligence during the period he seeks to toll. Over eleven years elapsed between the BIA's decision and Li's motion to reopen. Li claims that he did not learn about his prior counsel's ineffective assistance for ten years after the BIA summarily dismissed his appeal and that once he learned that his lawyer had failed to submit a brief he diligently took the requisite steps to reopen his case. Li does not, however, explain why he "stopped pursuing [his] case," for the ten years following the BIA's dismissal of his appeal, or why he decided to seek new representation in 2006. Under these circumstances, we cannot find that the BIA abused its discretion in finding that Li failed to demonstrate that he exercised due diligence. *See Jian Hua Wang,* 508 F.3d at 715; *see also Cekic,* 435 F.3d at 171; *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000). Because the BIA's finding that Li failed to demonstrate due diligence is dispositive, we need not reach the BIA's alternative finding that counsel's performance did not result in prejudice. *See Cekic,* 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

a stay of removal in this petition is DIS-
MISSED as moot.